UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DONALD STRONG,

        Petitioner,

                              CIVIL CASE NO. 06-CV-10698
v.                             HONORABLE DENISE PAGE HOOD

LINDA SANDERS,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS</u>**

I.     <u>Introduction</u>

        This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Robert Donald Strong ("Petitioner") is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan.  At the time he instituted this action, Petitioner was confined at the Federal Correctional Complex in Forest City, Arkansas where Respondent, Linda Sanders, is the warden.  This case was transferred to this Court from the Eastern District of Arkansas.  In his pleadings, Petitioner challenges a determination by the Federal Bureau of Prisons ("BOP") regarding the time for which he may be eligible for placement in a Community Corrections Center ("CCC").  For the reasons set forth below, the Court denies the petition for writ of habeas corpus as moot.

II.    <u>Facts and Procedural History</u>

        Petitioner was convicted of felon in possession of a firearm in the United States District Court for the Eastern District of Missouri and was sentenced to 63 months imprisonment and

1

three years of supervised release on August 13, 2004. On direct appeal, the United States Court of Appeals for the Eighth Circuit vacated Petitioner's sentence finding that "the district court erred in not sentencing Strong as an armed career criminal." *United States v. Strong*, 415 F.3d 902, 908 (8th Cir. 2005). On February 24, 2006, Petitioner was re-sentenced to 188 months imprisonment. His projected release date is February 25, 2017.

Petitioner filed the present petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas on November 16, 2005 and the case was transferred to this Court on January 13, 2006. In his pleadings, Petitioner challenges the BOP's determination that limited his CCC placement to the final 160 days of his 63-month sentence. Petitioner asserts that he should be eligible for a CCC placement of six months at the end of his sentence. Respondent has filed an answer to the petition contending that it should be dismissed as moot because Petitioner has been re-sentenced to a longer prison term and is now eligible for six months of CCC placement.

III.   Analysis

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly,

a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998).

As noted by Respondent, Petitioner has been re-sentenced to a term of 188 months imprisonment and, due to the length of that sentence, is now eligible for a six-month CCC placement at the end of his sentence. Because Petitioner has received the relief his seeks in his petition, eligibility for a six-month CCC placement, the present case has been rendered moot and must be dismissed.

IV.   Conclusion

For the reasons stated, the Court concludes that there is no longer any case or controversy for the Court to resolve in this matter. Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED** as moot.


  /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:  August 25, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager